IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02021-REB-PAC

BRIDGWATER APARTMENTS, LLC, a Colorado limited liability company, f/k/a MESA VERDE VILLAS, a California general partnership,

    Plaintiff,

v.

6401 SOUTH BOSTON STREET, INC., a Florida corporation, and
HEITMAN CAPITAL MANAGEMENT, LLC, an Iowa limited liability company,

    Defendants.

_____

## ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN**

    This is essentially a contract dispute, which has been referred to the undersigned for pretrial case management.   See Doc. # 5.   Now before the Court is Plaintiff's Emergency Motion for Determination concerning Discovery Dispute, Doc. # 58, as renewed in Doc. #63, Plaintiff's Emergency Motion for Protective Order.

    The Emergency Motion for Determination, Doc. # 58, and Plaintiff's Emergency Motion for Protective Order concern the time allotted for each side in upcoming out of state depositions.  Having considered the earlier motion and its numerous attachments, along with today's emergency motion, and having noted plaintiff's counsel's statements that, under D.C. Colo. L. Civ. R.. 7.1.A., he made efforts to confer with opposing counsel on *Saturday*, July 1, 2006, the Court finds and orders as follows:

1). Reed is someone well known to plaintiff because as plaintiff states in its motion, Doc. # 58, it believes that Reed "was responsible for overseeing the due diligence. . .conducted on behalf of Plaintiff in connection with the transaction at issue." See Pl. Motion ¶3. Plaintiff's counsel has not given any explanation, however, for his failure to prepare for the Reed deposition or his failure to otherwise arrange for his own deposition of Reed. The deposition of witness Reed shall go forward as scheduled, without allowing plaintiff time to "equal the playing field."

2) Similarly, plaintiff's counsel has not given any explanation for his failure to prepare for the Fenoglio deposition or his failure to otherwise arrange for his own deposition of Fenoglio. The deposition of Holliday Fenoglio shall go forward as scheduled, even though plaintiff's counsel does not believe that he can "effectively conduct both a discovery and preservation deposition in a mere two (2) hours." *Id.* ¶17.

3) Further, I note that plaintiff's counsel has not given any reasonable explanation or provided any case authority for any of his arguments, including his contention that the Reed and Fenoglio depositions should be limited to discovery, with depositions in lieu of trial testimony to be taken at a later time.

Accordingly, for the reasons stated, Plaintiff's Emergency Motion for Determination concerning Discovery Dispute, Doc. # 58, as renewed in Doc. #63, Plaintiff's Emergency Motion for Protective Order, are denied with respect to the Reed and Fenoglio depositions and denied as to any other relief requested, including plaintiff's request for an emergency hearing via telephone which is denied as mooted by this order.

Dated: July 3, 2006.

                                               By the Court:
                                               s/Patricia A. Coan
                                               Patricia A. Coan
                                               Magistrate Judge